OPINION
PER CURIAM.
Juan Wiggins appeals pro se from an order of the District Court dismissing his complaint. We will affirm.
I.
In 2000, Wiggins filed suit under 42 U.S.C. § 1983 against William F. Logan, an Atlantic City police officer, and his canine partner, K-9 Agent “Deuce.” (D.N.J.Civ. No. 00-cv-05281.) Wiggins alleged that Logan ordered Deuce to bite him during an arrest even though he had surrendered. The District Court granted Wiggins’s motion for leave to proceed in forma pauperis and directed the United States Marshal to serve the summons and complaint. See 28 U.S.C. § 1915(d). The copy of Logan’s summons delivered to the United States Marshal bore the last name “Hogan” instead of “Logan,” a mistake that Wiggins attributes to “a district court clerk.” When the Marshal attempted to serve the complaint at the Atlantic City Police Department, he apparently was told that there was no one there by the name of “Hogan,” and he filed returns of service unexecuted on January 2, 2001.
Wiggins took no further action and, eight months later, the District Court dismissed the action without prejudice under Rules 4(m) and 41(b) for failure to effect service. Wiggins appealed. On June 4, 2002, we dismissed his appeal for failure to prosecute, and we later denied his subsequent motion to reopen (thus, we did not, as the District Court later wrote and as Logan states in his brief, “affirm”). (C.A. No. 02-1985.)[1]
*813 Wiggins was incarcerated when he filed his complaint in 2000, but he was released in November 2002. In December 2006, he filed the complaint at issue here. Wiggins again named Logan and Deuce as defendants, and repeated his allegations that Logan had ordered Deuce to bite him. The only claim he asserted, however, was one that Logan had fraudulently refused to accept service of the 2000 complaint and thereby denied him access to the courts in violation of the Fourteenth Amendment. Wiggins asserts in his complaint that Logan refused service by “den[ying] ever working at the dog training facility” and by having “individuals give[] false information to the courts” about “defendantsP] whereabouts.” He also alleges that, in April 2005, he happened upon a newspaper article with a picture of an officer he recognized. When he asked someone to read the article to him, he “discovered” that the officer was Logan and that Logan worked with Deuce. (Wiggins does not allege the significance of this discovery, but it apparently confirmed for him that Logan and Deuce were indeed the officer and dog he had intended to sue and the Marshal had attempted to serve.)
This time, the Marshal was able to serve the complaint, and Logan filed an answer. Logan later filed a motion to dismiss, purportedly under Rule 12(b)(6), which is how the District Court treated it.[2] The District Court granted the motion by order entered June 25, 2008. The District Court construed Wiggins’s complaint to reassert a claim based on the 2000 dog bite incident and to assert an additional claim based on Logan’s alleged refusal to accept service. The District Court dismissed the dog bite claim under the statute of limitations. It also concluded that Logan’s alleged refusal to accept service did not state a federal claim. Instead, it concluded that the claim arose under state law, and it declined to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). Wiggins filed a notice of appeal. The District Court later entered an order on July 15, 2008, clarifying that it was also dismissing Wiggins’s claims against Deuce and any “John Doe” defendants. Wiggins then filed a “motion for certificate of probable cause” expressing his intention to appeal that order as well.[3]
II.
The only argument that Wiggins raises on appeal is that the District Court erred in applying the statute of limitations because it assumed that he was asserting his original claim based on the 2000 dog bite incident. Wiggins insists instead that the only claim he intended to assert was a Fourteenth Amendment claim based on Logan’s allegedly-fraudulent refusal to accept service of his original complaint. Thus, even if the District Court properly construed Wiggins’s complaint to reassert his underlying dog bite claim, Wiggins has clearly abandoned it on appeal. Accordingly, we do not reach the issue of whether the District Court properly dismissed it under the statute of limitations.
*814 That leaves Wiggins’s claim regarding Logan’s refusal to accept service. The District Court was properly troubled by these circumstances. As the District Court noted, the failure of the Atlantic City Police Department to accept service of the 2000 complaint may be “questionable” because the summons addressed to “Hogan” and identifying him as an officer in the K-9 unit, together with a separate summons addressed to K-9 office “Decue” [sic], likely should have alerted the Department that the summons for “Hogan” was intended for “Logan.” Moreover, Wiggins attributes the misspelling to the District Court, which was required to effect service, and his potentially-valid claim of excessive force was dismissed solely because the Marshal failed to do so. Thus, we share the District Court’s concerns.
The District Court concluded, however, that Wiggins’s allegations do not state a federal claim, and we agree. Wiggins claims that Logan deprived him of his right to access the courts, which he identifies as arising under the Fourteenth Amendment but which has been found to arise under other constitutional provisions as well. See Gibson v. Superintendent of N.J. Dep’t of Law and Pub. Safety, 411 F.3d 427, 441-42 (3d Cir.2005). Wiggins, however, has not been denied his right to access the courts. Wiggins was permitted to file his 2000 complaint informa pauper-is, and thus was already in court when the alleged denial of access occurred. Thus, any misconduct on Logan’s part might have warranted relief in the existing 2000 action, but it would not allow Wiggins to bring a separate action and assert an independent claim.
As we have explained, “[a] plaintiff typically cannot recover for any cover-ups or discovery abuses after an action has been filed inasmuch as the trial court can deal ■with such situations in the ongoing action .... Thus, only prefiling conduct that either prevents a plaintiff from filing suit or renders the plaintiffs access to the court ineffective or meaningless constitutes a constitutional violation.” Estate of Smith v. Marasco, 318 F.3d 497, 511 (3d Cir.2003) (emphasis added). See also Gibson, 411 F.3d at 441-42 (summarizing actionable right of access claims); Swekel v. City of River Rouge, 119 F.3d 1259, 1263 (6th Cir.1997) (“When the abuse transpires post-filing, the aggrieved party is already in court and that court usually can address the abuse, and thus, an access to courts claim typically will not be viable.”).
Wiggins has alleged no such conduct here. Instead, he alleges merely that Logan wrongfully interfered with service of process in some manner. As with other post-filing conduct, that alleged conduct could have been redressed if appropriate by the District Court in the 2000 action, even if Wiggins discovered it only after that action had been dismissed. See, e.g., Fed.R.Civ.P. 4(m) (allowing an extension of time to serve the complaint for “good cause”); Fed.R.Civ.P. 60(b) (allowing relief from a judgment on the grounds, inter alia, of mistake, newly-discovered evidence, or fraud). Wiggins also may have been able to obtain relief in his appeal from the dismissal of his 2000 action. See Welch, 925 F.2d at 669-70. See also Lindsey v. United States R.R. Retirement Bd., 101 F.3d 444, 446-47 & n. 4 (5th Cir.1996) (vacating dismissal of in forma pauperis complaint where failure to serve it was due to District Court’s oversight); Antonelli v. Sheahan, 81 F.3d 1422, 1426 (7th Cir.1996) (remanding for consideration of adequacy of Marshal’s attempt to serve in forma pauperis complaint). Wiggins, however, failed to prosecute that appeal, which led to its dismissal, so he forfeited any right to challenge the dismissal of his 2000 action.
Thus, we agree that Wiggins did not state a federal claim. The District Court *815 went on to conclude that “the underlying facts of this claim sound in state law” and declined to exercise supplemental jurisdiction. The District Court did not discuss what claim these allegations might give rise to under state law, and we express no opinion on that issue. To the extent that they can be construed to assert a claim under state law, however, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction, which it did for the statutorily-authorized reason that it had dismissed all claims within its original jurisdiction. See 28 U.S.C. § 1367(c)(3); Figueroa, 188 F.3d at 181.
Accordingly, we will affirm.

. The dismissal without prejudice for failure to serve was a final order. See Welch v. Folsom, 925 F.2d 666, 668 (3d Cir.1991). On September 27, 2002, after we dismissed his appeal, Wiggins purported to file an amended complaint in the dismissed New Jersey action. The docket reflects no further activity in that case. Wiggins raises no issue regarding that amended complaint on appeal, but we note that the filing of the amended complaint did not cure the basis on which the District Court dismissed Wiggins's initial complaint (i.e., failure to serve).

. Logan could not file a motion under Rule 12(b)(6) because he already had answered Wiggins’s complaint. See Fed.R.Civ.P. 12(b). Thus, the District Court should have treated the motion as a motion for judgment on the pleadings under Rule 12(c). That error was harmless, however, because our disposition turns solely on an issue of law.

. We have jurisdiction under 28 U.S.C. § 1291. Our review of legal issues is plenary whether the District Court dismisses a complaint under Rule 12(b)(6), see Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir.2008), or enters judgment under Rule 12(c), see Leamer v. Fauver, 288 F.3d 532, 535 (3d Cir.2002). We review decisions to decline to exercise supplemental jurisdiction for abuse of discretion. See Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 175 (3d Cir.1999).