**BLD-170** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1168
_____

TARIQ WYATT,
                    Appellant

v.

MUNICIPALITY OF COMMONWEALTH OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-16-cv-03778)
District Judge:  Honorable Juan R. Sánchez
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 23, 2017

Before: AMBRO, GREENAWAY, JR., and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed December 6, 2017)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Tariq Wyatt appeals from the orders of the District Court dismissing his complaint and denying reconsideration. We will vacate and remand for further proceedings.

I.

Wyatt is a Pennsylvania state prisoner who was formerly incarcerated in the Philadelphia Industrial Correctional Center. In 2014, he filed suit under 42 U.S.C. § 1983 against two corrections officers and a member of the prison's mental health staff. (E.D. Pa. Civ. No. 2-14-cv-01205.) Wyatt alleged, inter alia, that defendants improperly housed him with a dangerous and mentally unstable cell mate, that defendants failed to respond to his complaints about his cell mate's disturbing behavior, and that his cell mate ultimately physically assaulted him. Wyatt was able to identify the corrections officers only by their last names and the mental health defendant only as a "Jane Doe." He sued them in both their official and individual capacities.

Wyatt proceeded in forma pauperis in that action, so the District Court was responsible for serving the defendants with process. See 28 U.S.C. § 1915(d). Toward that end, Wyatt provided the District Court with the named defendants' last names, ranks, and information concerning their location and dates of employment. The United States Marshals Service attempted to serve summonses for the defendants on the City of Philadelphia. The City, however, claimed that it could not accept service without the defendants' first names. Wyatt, in turn, claimed that prison policy prevented him from

2

learning their first names. The District Court expressed "sympathy" for Wyatt's plight, but it nevertheless dismissed his complaint under Fed. R. Civ. P. 4(m) for failure to effect timely service. The District Court's order dismissed Wyatt's complaint "without prejudice to refile once he obtains Defendants' first names," which, of course, Wyatt claimed he was unable to learn. Wyatt appealed, but our Clerk dismissed his appeal after he failed to file a brief (which he claims he could not afford to do).

Wyatt later filed the civil action at issue here. Wyatt named the City of Philadelphia as the sole defendant and claimed that it violated his constitutional rights by refusing to accept service in his previous action. Among the relief he requested was $120,000 in damages, which he noted was the same relief he requested against the defendants in his previous action. The District Court dismissed Wyatt's complaint and denied his motion for reconsideration, and Wyatt appeals. We have jurisdiction under 28 U.S.C. § 1291.

## II.

The District Court, relying on our non-precedential opinion in Wiggins v. Logan, 345 F. App'x 811 (3d Cir. 2009) (per curiam), reasoned that Wyatt could not assert claims against the City for its refusal to accept service in his previous action because his remedy for any misconduct in that regard was to seek relief within that previous action,

3

including on appeal. We have no quarrel with the District Court's general reasoning as far as it goes, with one possible exception noted in the margin.[1]

Under the specific circumstances presented here, however, we believe that the District Court should have approached Wyatt's complaint somewhat differently. Wyatt did not name the City as a defendant in his previous action, but he sued the defendants in both their official and individual capacities and "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Thus, Wyatt effectively sought relief against the City.[2] Had Wyatt named the City as a defendant, then it likely would have been required to accept service and could have attempted to identify the individual defendants.

Instead of naming the City in his previous action, Wyatt later filed his present action against the City based solely on its refusal to accept service in his previous action, and he requested the same monetary relief that he requested in his previous action. Thus,

---

[1] In addition to being non-precedential, Wiggins is distinguishable. In that case, the plaintiff attempted to serve a defendant with process through the defendant's municipal employer and the District Court dismissed his complaint after the employer refused to accept service. See Wiggins, 345 F. App'x at 812. The plaintiff then filed a separate access-to-courts complaint against the same defendant. See id. at 813. In this case, by contrast, Wyatt filed his access-to-courts complaint only against the City, which was not a party to his previous suit. We leave it to the District Court to consider whether that distinction makes a difference if it proves necessary to address Wyatt's access-to-court claims on remand.

[2] In so observing, we express no opinion on the availability of relief against the City except to note that there is no respondeat superior liability under § 1983. See Parkell v. Danberg, 833 F.3d 313, 330 (3d Cir. 2016).

we view Wyatt's complaint against the City as part and parcel of his efforts to seek relief on his original claims—efforts that the District Court expressly left open by dismissing Wyatt's previous complaint without prejudice and with leave to refile.

Under these circumstances, we will vacate and remand for the District Court to (1) consolidate Wyatt's actions and (2) construe his complaint against the City as a supplemental complaint in his first action adding the City as a defendant (or, if the District Court prefers, to direct Wyatt to file an amended complaint containing all of his claims against all defendants). The District Court should then serve process on all defendants pursuant to 28 U.S.C. § 1915(d). Now that the City will be a defendant, service on the City itself should be easily effected and the City should take appropriate steps to identify the individual defendants based on the information that Wyatt has provided.

On a final note, we are remanding primarily so that Wyatt can proceed with his original claims regarding mistreatment in prison, which have never been addressed on the merits. We express no opinion on the merits of those claims or on his new access-to-court claims against the City. We note, however, that Wyatt asserted those access-to-court claims solely because the City refused to accept service for the individual defendants. Thus, if the District Court is able to serve the individual defendants, then Wyatt's access-to-court claims may become at least partially moot.

III.

For these reasons, we will vacate the District Court's order of dismissal and remand for further proceedings.