# Maximilian Schneider, Plff. in Err., *v.* Pennsylvania Company.

A plaintiff seeking to recover damages for personal injuries received on account of alleged negligence on the part of defendant is bound to prove by the weight of evidence that defendant was guilty of negligence.

A plaintiff establishing a right to recover damages for a personal injury attributable to defendant's negligence is entitled to recover for any bodily pain or suffering he may have experienced, or is likely to experience in the future, for any pecuniary loss resulting from his condition, that he has sustained or may sustain during the remainder of his life, and for the difference in his capacity to earn money.

(Decided January 4, 1886.)

Error to the Common Pleas, No. 1, of Allegheny County to review a judgment for defendant in an action for damages for personal injuries. Affirmed.

This action was brought by Maximilian Schneider to recover damages for injuries received while driving down Federal street in the city of Allegheny, February 11, 1882.

NOTE.—The burden is upon the plaintiff to establish the negligence of the defendant by the weight of the testimony, and to show that the injury was caused thereby. Philadelphia & R. R. Co. v. Hummell, 44 Pa. 375, 84 Am. Dec. 457; Hazel v. People's Pass. R. Co. 132 Pa. 96, 18 Atl. 1116; Rotsell v. Warren, 10 Pa. Super. Ct. 283, 44 W. N. C. 569; Erie & W. Valley R. Co. v. Smith, 125 Pa. 259, 17 Atl. 443; Ballard v. New York, L. E. & W. R. Co. 126 Pa. 141, 19 Atl. 35. If there is reasonable doubt as to the facts, in case of conflict, the case is for the jury. Lehigh Valley R. Co. v. McKeen, 90 Pa. 122, 35 Am. Rep. 644; Davidson v. Lake Shore & M. S. R. Co. 171 Pa. 522, 33 Atl. 86; Wilson v. North Side Traction Co. 10 Pa. Super. Ct. 325. Even though the facts be undisputed, if there is reasonable doubt as to the inferences to be drawn from these facts, the question is for the jury. Pennsylvania R. Co. v. Barnett, 59 Pa. 259, 98 Am. Dec. 346; Ryan v. Ardis, 190 Pa. 66, 42 Atl. 372.

As to the recovery of probable future damages for personal injuries, see editorial note to Richmond & D. R. Co. v. Allison, 11 L. R. A. 43.

The tracks of the Pittsburgh, Fort Wayne, & Chicago Railroad cross Federal street at grade, and also cross the tracks of the Manchester Street Railway Company. The outside of the rails of said road is supported by cobblestones, the street being paved. On the inside of the rails there is a space or opening running parallel with the rails, through which space the flanges on the wheels of its cars pass. This space is created by the rail on the outside, and a guard or planking, edgewise, running parallel with the rail on the inside. Between the guards it is paved by cobblestone pavement. Plaintiff had driven behind a large delivery wagon, which, at the time, was awaiting the passage of a train over the crossing of the road. The train having passed, and the gates being raised, plaintiff attempted to follow the wagon over the crossing, but his horse's foot was caught between the guard and the rail of the tracks of the company in such a manner as to firmly hold it and to resist all attempts of the animal to free itself, and it was thrown forward to the ground, the plaintiff, at the same time, being thrown violently forward upon the dashboard, and, it giving way, was precipitated to the ground, alighting on his shoulder, at a point near the curbstone.

In the meantime assistance had arrived, and the horse's foot, notwithstanding there were no corks on the shoe, was held so firmly that one of the parties was compelled to hold the horse down while the foot was pried out with a crowbar in the hands of another. The plaintiff was rendered insensible by the fall, and was taken to his home, and it was found upon examination that he had received internal injuries, followed by spitting or vomiting of blood immediately afterwards, and at intervals to the present time. He also received a serious injury to the right leg, which was swollen for some time, after the subsidence of which appeared a varicose vein, which extends from the hip bone to the knee cap.

Upon this state of facts the court charged the jury as follows:

BAILEY, J.— Gentlemen: Counsel have presented certain points which will enable me to say all that I think necessary as to the law of this case.

Counsel for the defendant company has asked me to instruct you that, under all the evidence, the plaintiff is not entitled to recover.

That point is refused. That would take the case entirely from you, and leave nothing for you to determine.

Plaintiff's counsel have presented a point on the question of damages. It is mixed law and fact which I am not prepared to affirm, and, as it stands, I refuse the point. But I instruct you that, if the plaintiff is entitled to recover, under the instructions you will receive and under the facts in the case, he would be entitled to recover for any bodily pain and suffering he may have experienced or is likely to experience in the future, and for any pecuniary loss resulting from his condition that he has sustained or may sustain during the remainder of his life, and the difference in his capacity to earn money.

I am requested to instruct you in the first point of the plaintiff.

First: "If the jury believe from the evidence that the defendant company laid its rails and planks at said crossing, in an improper or negligent manner, so to entangle the foot of the plaintiff's horse, so that the plaintiff was thrown out of his buggy and thereby injured, the jury should find for the plaintiff, in such sum as the testimony warrants."

Answer: There is no testimony, whatever, in this case, that the defendant company did lay its rails and planks in an improper and negligent manner, and therefore there is nothing in that point to submit to you, and it is refused. The supreme court held that it is error to submit to the jury a question of fact of which there is no evidence, because the jury are sworn to find according to the evidence, and not according to anything else, and if there be no evidence upon the subject there is nothing to submit to them on that point.

Second: "If the jury believe from the evidence that the defendant company neglected to keep the crossing in question in proper repair, whereby the foot of the plaintiff's horse became entangled, throwing the plaintiff out of his buggy, whereby he was injured, the plaintiff is entitled to recover in such amount as is warranted by the evidence."

Answer: This point is affirmed. The whole question turns upon that point of negligence. A plaintiff who undertakes in a case of this kind to recover is bound to show, by the weight of the evidence, that there has been negligence upon the part of the defendant company. The mere fact, as counsel have been candid enough to say, that an injury has resulted, is no evidence

that somebody is responsible to pay for it. But it is incumbent upon the plaintiff if he desires to recover that he shall show that the party of whom he complains, in a case of this kind, was guilty of negligence.

Now, the whole testimony of negligence, if there be any at all in this case (and I have assumed that there is, taking the plaintiff's case alone) is that of one or two witnesses, not exceeding that number, that this strip of oak, along side of this rail, had been worn away by the running of vehicles over it, and the traffic of travel upon the street; therefore, that it had not been kept in proper repair, and in consequence of its being worn away, this accident occurred.

That is the whole of the case of the plaintiff, and if that case fails, if it was not in proper repair, but was in good repair and in good condition, the plaintiff has been answered completely and negatived entirely. Therefore, as I said before, I instruct you that, if you believe the testimony of the five witnesses called for the defendant company, that this planking had been put in there the day before the accident, and was such as was usual and customary in such a place; put in according to their best knowledge and skill under the circumstances; if you believe that,— your verdict ought to be for the defendant, no matter whether Mr. Schneider did, unhappily, on this occasion, suffer bodily injury or not.

And on that question it would be very ungenerous and very unkind for anybody to imply that because men are in the employ of a corporation, or anybody else, that their interest is such that they will come into court and falsify about so simple a matter, as whether a certain piece of planking had been put down on one day or upon some other day. I do not see how it is possible that you can come to any other conclusion than that that planking was put down on the day before this accident occurred.

Now, this case might have been presented—I mean no reflection, of course, upon counsel—might have been presented in some other aspect, some other defect might have been claimed. It might have been said that these rails were, as this first point suggests, "rails and planks laid down in an improper and negligent manner;" but if it were so, it was the duty of the plaintiff to show it, to bring somebody who was familiar with the subject and who knew about it to testify that that was not the mode in which that planking should have been put down, but that it

might have been put down in some other way, and that the put-ting it down in some other way would have avoided this accident. There is no evidence of the kind. The plaintiff has put his case solely and wholly, as I said, upon the question of want of repair. That is all the testimony there is; and if you are satis-fied that it was not in bad repair, but was in good condition, under the best knowledge that the parties had, your verdict would be for the defendant.

If you find for the plaintiff you find in such sum as you can ascertain under the instruction you have received on the ques-tion of damages.

Judgment was entered upon a verdict for defendant, and plaintiff brought error.

*W. B. Rodgers, J. M. Acheson,* and *Bird & Porter,* for plain-tiff in error.—The duty of a railroad company to construct its track, laid on a public street, in such a manner as to avoid acci-dents like that which occurred in this case is recognized by text-book writers and enforced by the decisions of the courts. Shearm. & Redf. Neg. §§ 149, 446; Pittsburg, Ft. W. & C. R. Co. v. Dunn, 56 Pa. 280; Baughman v. Shenango & A. R. Co. 92 Pa. 335, 37 Am. Rep. 690; Oakland R. Co. v. Fielding, 48 Pa. 324; Rapho Twp. v. Moore, 68 Pa. 406, 8 Am. Rep. 202; Vanderslice v. Philadelphia, 103 Pa. 102.

In Worster v. Forty-Second Street & G. Street Ferry-R. Co. 50 N. Y. 205, the plaintiff's horse was killed by stepping into a hole in the defendants' track, located on a public highway. The court below granted a nonsuit, on the ground that there was no evidence that the defendant knew that the track was in a bad condition. The supreme court reversed. CHURCH, J., deliver-ing the opinion of the court, said *inter alia:* "The presumption of knowledge arises from the existence of the defects themselves. . . . The presumption of negligence was complete when it appeared that defects existed and an injury was caused thereby."

*Hampton & Dalzell,* for defendant in error.—The mere hap-pening of an accident was not evidence of negligence. Jennings v. Pennsylvania R. Co. 93 Pa. 341.

To have permitted the jury to theorize as to the character of the crossing in use, and as to whether a safer one could not have been devised, and what kind of one, in the absence of any evi-

dence on the subject, would have been error. Adams. Exp. Co. v. Sharpless, 77 Pa. 516.

PER CURIAM:

No specification of error is sustained. The law was correctly stated by the learned judge, and the questions of fact were carefully and properly submitted to the jury.

Judgment affirmed.