**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-3786

_____

RENEISHA KNIGHT, on behalf of herself and all other similarly
situated consumers,
                                                Appellant


v.


MIDLAND CREDIT MANAGEMENT INC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No.: 2-17-cv-03118)
District Judge:  Honorable Mark A. Kearney

_____

Submitted under Third Circuit LAR 34.1(a)
on September 14, 2018


(Opinion filed: November 8, 2018)


Before:  JORDAN, VANASKIE and RENDELL, Circuit Judges

O P I N I O N*

**RENDELL**, Circuit Judge:

Reneisha Knight appeals from the District Court's dismissal of her Second Amended Complaint for failure to state a claim under the Fair Debt Collection Practices Act ("FDCPA"). Knight's FDCPA claim arises from the receipt of a debt collection letter from Midland Credit Management, Inc. ("Midland"), which Knight claims is false, deceptive, and misleading. Upon Midland's motion to dismiss, the District Court concluded that the letter could not constitute a violation of the FDCPA and granted dismissal. For the reasons that follow, we will reverse the District Court's order granting Midland's motion to dismiss and will remand with instructions to deny the motion.

## I. BACKGROUND

### A. Factual Background

Knight had $944.08 of personal credit card debt that was originally owed to Capital One Bank, N.A. and later purchased by Midland Funding, LLC.[1] **A. 32**. Midland sent Knight a letter (the "Letter") in an attempt to collect on this debt. **A. 32**. The Letter's top half includes, among other things, the name of the "Original Creditor," the "Original Account" number, and the name of the debt's "Current Owner." A. 32. A few

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Midland Funding LLC, the current owner of Knight's debt, is a separate corporate entity from Midland Credit Management, Inc., the entity which attempted to collect on Knight's debt and which is the appellee in this case. **A. 32.**

lines below this, the Letter states, "We can't change the past, but we can help with your future." *Id.*

The section of the Letter immediately following this statement is divided into two columns. **A. 32**. The right-hand column is titled "KNOW YOUR OPTIONS" and provides three loan repayment options. *Id.* Option 1 offers "40% OFF" if payment is made by a specified date, Option 2 provides for "20% OFF" if the debt is paid over the course of six months, and Option 3 offers "Monthly Payments As Low As: $50 per month." *Id.*

The lower section's left-hand column states that "Midland Credit Management believes that everyone deserves a second chance" and invites Knight "to accept one of these discounts." *Id.* Several lines later, the Letter then explains, "After receiving your final payment, we will consider the account paid*." *Id.* This references a note at the bottom of the Letter, which provides, "*If you pay your full balance, we will report your account as **Paid in Full**. If you pay less than your full balance, we will report your account as **Paid in Full for less than the full balance**." *Id.* (emphasis in original).

**B. Procedural History**

Knight filed a complaint in the District Court alleging that the Letter violates Section 1692e of the FDCPA, 15 U.S.C. § 1692 *et. seq.*, because it is false, deceptive, and misleading. **A. 21**. Knight later filed a First Amended Complaint, which Midland moved to dismiss for failure to state a claim. **A. 3**. The District Court granted Midland's motion, dismissing the complaint without prejudice and allowing Knight to file a Second

Amended Complaint.  **A. 3**.  Knight did so, and Midland responded by filing a second motion to dismiss for failure to state a claim.  **A. 4**.

On November 8, 2017, the District Court granted Midland's motion without prejudice, concluding that Knight's "stated challenge of the debt collection language is, as a matter of law, not confusing or misleading to the least sophisticated debtor."  A. 16. The District Court gave Knight until November 22, 2017 to amend her complaint. **A. 4**. Knight did not file a Third Amended Complaint, and on November 27, 2017, the District Court entered an order closing the case. **A. 4**.  Knight filed a notice of appeal on December 20, 2017. **A. 4**.

## II. DISCUSSION[2]

On appeal, Knight argues that the District Court erred in granting Midland's motion to dismiss for failure to state a claim.  In response, Midland argues, first, that we lack jurisdiction over this appeal under 28 U.S.C. § 1291 and Rule 4 of the Federal Rules of Appellate Procedure and, second, that the District Court did not err in granting the motion to dismiss.  For the following reasons, we disagree with both of Midland's arguments and find that we have jurisdiction and that the District Court erred in dismissing Knight's complaint.

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331.  As discussed below, we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We exercise *de novo* review over a district court's grant of a Rule 12(b)(6) motion to dismiss.  *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353 (3d Cir. 2000).  We "must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).  We accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 931 (3d Cir. 2010).

## A. Jurisdiction

Midland argues that we lack jurisdiction because Knight's appeal is untimely under Rule 4 of the Federal Rules of Appellate Procedure. **Appellee's Br. at 1**. Pursuant to 28 U.S.C. § 1291, we have jurisdiction over appeals of district courts' final decisions. Rule 4 requires that a notice of appeal be filed "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4. According to Midland, the District Court's November 8, 2017 Order was "*a dismissal* of the case" and, therefore, the final order upon which this appeal is based. Appellee's Br. at 1 (emphasis in original). Because Knight did not file her notice of appeal within 30 days of this order, Midland argues that her appeal is untimely. **Appellee's Br. at 2.**

Midland's argument is without merit. "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." *Borelli v. City of Reading*, 532 F.2d 950, 951–52 (3d Cir. 1976). However, where the plaintiff fails to amend the complaint, the order of dismissal becomes final and appealable *once the amendment period passes* because the plaintiff has chosen to stand on the complaint. *See Batoff v. State Farms Ins. Co.*, 977 F.2d 848, 851 n.5 (3d Cir. 1992); *Welch v. Folsom*, 925 F.2d 666, 668 (3d Cir. 1991). Because Knight did not amend her complaint a third time, the November 8, 2017 Order dismissing her complaint was not "final" until November 22, 2017, when the District Court ended the opportunity to amend by closing the case. Because Knight filed her notice of appeal within 30 days of November 22, 2017, her appeal is timely.

5

## B. Motion to Dismiss

Knight argues the District Court erred in finding that, as a matter of law, the Letter was not deceptive or misleading in violation of the FDCPA. **Appellant's Br. at 11.** Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation in connection with the collection of any debt," including "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10).

Courts analyze FDCPA claims under the "least sophisticated debtor" standard. *Jensen v. Pressler & Pressler*, 791 F.3d 413, 418 (3d Cir. 2015). This standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 149 (3d Cir. 2013). It protects "the gullible as well as the shrewd." *Id.* Nevertheless, the least sophisticated debtor is held to "a quotient of reasonableness, a basic level of understanding, and a willingness to read with care." *Id.* Accordingly, a debt collector cannot be held liable for a plaintiff's "bizarre or idiosyncratic interpretations." *Id.*

A "specific plaintiff need not prove that *she* was actually confused or misled." *Jensen*, 791 F.3d at 419 (emphasis in original). Instead, the focus is on whether the objective least sophisticated debtor would be deceived or misled by a debt collector's statement in a communication. *Id.* at 419–20. "[A] collection letter is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Caprio*, 709 F.3d at 149 (internal quotations and citations omitted). Furthermore, for a debt collector's statement to be actionable, it must be material.

6

*Jensen*, 791 F.3d at 421. A statement is material if it has "the potential to affect the decision-making process of the least sophisticated debtor." *Id.* This, though, "is not a particularly high bar." *Id.*

On appeal, Knight argues that the Letter could be found to be false, deceptive, and misleading in four ways. We consider each separately below.

1. Promise of Financial Benefit

First, Knight claims that the Letter implies false and deceptive promises of future financial benefit to the consumer. **A. 26.** Knight's allegation refers to the Letter's statement, "We can't change the past, but we can help with your future." A. 26. Knight's complaint alleges that there are two interpretations of this statement: (1) reporting the payment to the credit reporting agencies will improve the debtor's credit score or credit worthiness; or (2) reporting payment to the original creditor will help the debtor in future lending decisions.[3] **A. 26.** Knight contends that the first interpretation is false, as paying off a delinquent debt would actually harm the debtor's credit score. **A. 26–27.**

It is not "bizarre or idiosyncratic" for the least sophisticated debtor to read the language Knight identifies to mean that payment would not hurt a debtor's credit score and might even actually improve it. We recognize that this might not be the most appropriate reading of the Letter, but it is not our responsibility to determine whether one

---

[3] On appeal, Knight also provides two additional interpretations that were offered by Midland and the District Court in the proceedings below. **Appellant's Br. at 13–14.** However, we must only consider the interpretations alleged in Knight's complaint. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

interpretation is more appropriate than another. *Caprio*, 709 F.3d at 151. Instead, analyzing the Letter as we must under the least sophisticated debtor standard, which protects "naïve and even gullible individuals," *id.*, we cannot conclude at this stage that the least sophisticated debtor could not have been misled by this language. Moreover, a debtor who falsely believes that making payment on her debt would not hurt her credit score and might improve it could be induced to make the payment. Therefore, this language could be found to be material.

### 2. To Whom Payments Will Be Reported

Second, Knight claims that the Letter could be found to be false, deceptive, and misleading in its use of the term "report." **A. 22–23**. Knight argues that "report" could be reasonably interpreted by the least sophisticated debtor to mean Midland would report the payment to the credit reporting agencies, the original creditor, or both. **A. 22–23.**

Knight's interpretation of the Letter's use of the term "report" is not "bizarre or idiosyncratic." Without any other defining or clarifying language as to whom Midland will report a debtor's payment, the least sophisticated debtor could reasonably believe that Midland would report the payment to the debtor's original creditor, the credit reporting agencies, or both. This claim is bolstered by the Letter's prominent provision of the name of Knight's original creditor. Because the least sophisticated debtor could come to multiple conclusions as to whom the payment is reported that are neither bizarre nor idiosyncratic, the Letter could be found to be misleading. Furthermore, because the entity to whom payment is reported can impact a debtor's decision to pay, this language could be found to be material.

### 3. When Payments Will Be Reported as "Paid in Full" versus "Paid in Full for less than the full balance"

Third, Knight argues that the Letter is ambiguous as to when a debtor's payment would be reported as "Paid in Full" or "Paid in Full for less than the full balance." A. 23. (emphasis omitted). This argument arises largely from Knight's assertion that "Option 3" of the Letter, which offers monthly payments as low as $50 a month, is ambiguous. **A. 23–25.** Although Option 3 in isolation appears to provide for payment of the full account balance, the Letter's invitation to "accept one of these *discounts*" suggests that it is instead a settlement option. A. 32 (emphasis added). Given this ambiguity, Knight argues that the Letter could be interpreted by the least sophisticated debtor in several ways: (1) "Paid in Full" applies to Option 1 and "Paid in Full for less than the full balance" applies if Option 2 or 3 is selected;[4] (2) "Paid in Full" applies only if the debtor immediately pays the listed "current balance" and choosing any of the three listed options results in a report of "Paid in Full for less than the full balance;" (3) "Paid in Full" applies to Option 1 or Option 2 and "Paid in Full for less than the full balance" applies to Option 3; (4) "Paid in Full for less than the full balance" applies to Option 1 or Option 2 and "Paid in Full" applies to Option 3; or (5) any partial payment results in the account being reported as "Paid in Full for less than the full balance." **A. 23–25.**

---

[4] Knight's complaint alleges two additional variations of this first interpretation: "Paid in Full" applies to Option 1 and choosing Option 2 or 3 would result in a reporting that the debt is "Paid in Full for less than the full balance" *until* either (1) final payment *of the respective discount plan* is made or (2) the *full account balance* is completely paid off. **A. 23–24.**

We agree that the Letter could be misleading as to when a debtor's account will be reported as "Paid in Full" or "Paid in Full for less than the full balance." The least sophisticated debtor is expected to read a communication in its entirety. *Caprio*, 709 F.3d at 149. Given that the Letter encourages the debtor to accept "one of these discounts" and fails to unequivocally state that Option 3 is not a discount but an option to pay the full account balance, the least sophisticated debtor reading the entire Letter could reasonably understand Option 3 to be a settlement option. Accordingly, the Letter may mislead the least sophisticated debtor with respect to whether "Paid in Full" instead of "Paid in Full for less than the full balance" will be reported. This ambiguity could be said to be material because it may affect whether a debtor makes a payment and which option he or she chooses.

4. "Paid in Full" versus "Paid in Full for less than the full balance"

Lastly, Knight claims that the Letter's use of the phrase "Paid in Full for less than the full balance" is itself misleading to the least sophisticated debtor. **A. 26.** Knight alleges that the least sophisticated debtor does not understand the full meaning of this reporting status and is unsure how an entity would treat a debt that has been reported as "Paid in Full for less than the full balance." **A. 26.**

We agree that the phrase "Paid in Full for less than the full balance" could be found to be misleading. Both of the reporting statuses provided by the Letter—"Paid in Full" and "Paid in Full for less than the full balance"—use the phrase "Paid in Full" with the same capitalization, and the latter status has no other capitalized words. Because any payment is reported with the language "Paid in Full," the ramifications of each status are

10

unclear. Without any other clarifying language, the least sophisticated debtor may read the two statuses together and believe that they have the same reporting consequences and that one is no better or worse than the other, which is inaccurate. Furthermore, this language could be found to be material because the least sophisticated debtor may be induced to make a specific type of payment based on this information.

## III. CONCLUSION

For the foregoing reasons, we conclude that Midland's Letter could be found to be deceptive and misleading. Given its ambiguous and contradictory language, the Letter could be found to cause the least sophisticated debtor to interpret it in ways that are neither bizarre nor idiosyncratic. Therefore, we will reverse the District Court's dismissal and remand for further proceedings consistent with this opinion.