James I. WELCH, Appellant,

v.

James FOLSOM, Appellee.

No. 90–3226.

United States Court of Appeals, Third Circuit.

Submitted Nov. 14, 1990.

Decided Feb. 8, 1991.

---

James Folsom, alleging that Folsom "took [Welch's] property including records and files ... with the intent of defrauding" him. The complaint invoked the court's diversity jurisdiction (28 U.S.C. § 1332) and listed an address in Wilmington, Delaware, where Folsom allegedly resided. The district court granted Welch's motion to proceed *in forma pauperis* but did not direct court officers to serve Folsom, and service was never effected.

On September 13, 1989, the district court issued an order directing Welch to show cause why service had not been made within 120 days after the filing of the complaint, as generally required by Fed.R. Civ.P. 4(j). The order stated that if good cause was not shown, the action would be dismissed without prejudice.

Welch filed a response stating that he had "observed from the experience of other inmates filing lawsuits, the practise [sic] is for the Judge in in forma pauperis cases (of which this is one) to eventually refer the case to a Magistrate, and for the Magistrate to eventually order the Clerks [sic] office to do the service of process." Welch also noted that "[u]ntil all of this is done, a process which in virtually every instance takes much longer than 120 days, the Defendant is never served in an inmate case."

Attached to Welch's response was a motion requesting the court to "issue a summons in this matter, and serve it and a copy of the Complaint, thru [sic] the U.S. Marshal, upon Mr. Folsom at the address" set forth in the complaint. Welch also requested a copy of the local rules "[i]n order that I may avoid making any more mistakes in my handling of this case."

On February 5, 1990, the district court dismissed the complaint without prejudice for failure to serve process. On February 20, 1990, Welch filed with the court—but did not serve upon Folsom—a motion for reconsideration pursuant to Fed.R.Civ.P. 59(e), asserting once more that the United States Marshal should have been directed to serve his complaint. In the alternative, Welch argued that he had shown "Rule 6 excusable neglect" (*see* Fed.R.Civ.P. 6(b)) and "Rule 4 good cause" (*see* Fed.R.Civ.P.

James I. Welch, Wilmington, Del., pro se.

Before SLOVITER, HUTCHINSON and ALITO, Circuit Judges.

OPINION OF THE COURT

ALITO, Circuit Judge:

This is an appeal from the dismissal of an *in forma pauperis* complaint for failure to effect service of process. Because the court officers are required by statute "to issue and serve all process" in such cases (28 U.S.C. § 1915(c)), we will vacate the order of dismissal and remand the matter to the district court.

I.

On April 12, 1989, James I. Welch, a federal prisoner, filed a *pro se* complaint in the District of Delaware against defendant

4(j)) for failure to effect timely service. By order entered March 23, 1990, Welch's motion for reconsideration was denied. This appeal followed.

## II.

A. Before addressing the merits of this case, we must first consider whether we have jurisdiction to entertain Welch's appeal. *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Under 28 U.S.C. § 1291—the only arguable basis for jurisdiction in this case—only final orders are appealable. *United States v. Fisher*, 871 F.2d 444, 445 (3d Cir.1989). A final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978), quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945).

■ In general, this court has held that orders dismissing complaints without prejudice are not final within the meaning of Section 1291 because the plaintiff may cure the deficiency and refile the complaint. *See, e.g., Newark Branch, N.A.A.C.P. v. Harrison, N.J.*, 907 F.2d 1408, 1416 (3d Cir.1990); *Borelli v. City of Reading*, 532 F.2d 950, 951 (3d Cir.1976). *See also Czeremcha v. Int'l Assoc. of Machinists and Aerospace Workers*, 724 F.2d 1552, 1554 (11th Cir.1984). If the plaintiff cannot cure the defect that led to dismissal or elects to stand on the dismissed complaint, however, we have held that the order of dismissal is final and appealable. *See Trevino–Barton v. Pittsburgh Nat'l Bank*, 919 F.2d 874, 877–78 (3d Cir.1990); *Green v. Humphrey Elevator and Truck Co.*, 816 F.2d 877, 878 n. 4 (3d Cir.1987) ("order dismissing the complaint in the instant action is final and thus reviewable ... because the statute of limitations on appellant's cause of action has run."); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1157 (3d Cir.1986) *cert. denied*, 481 U.S. 1070, 107 S.Ct. 2463, 95 L.Ed.2d 872 (1987); *Cardio–Medical Assoc. v. Crozer–Chester Medical Center*, 721

F.2d 68, 76 (3d Cir.1983); *Borelli v. City of Reading*, 532 F.2d at 952. This exception does not lead to piecemeal appeals because "if plaintiff cannot or will not bring a second action, there is no risk of multiple litigation." *Trevino–Barton*, at 878.

■ We believe that the present case squarely fits this exception. When leave to proceed *in forma pauperis* is granted, as it was in this case, 28 U.S.C. § 1915(c) directs "[t]he officers of the court" to "issue and serve all process." This requirement is apparently based on the reasonable assumption that a plaintiff who is unable to pay fees and costs will also be unable to pay the cost of securing service of process. Accordingly, when a complaint filed by a plaintiff granted leave to proceed *in forma pauperis* is dismissed without prejudice for failure to effect service of process, we believe we may infer that the plaintiff cannot afford to pay for private service and thus cannot cure the defect. The order of dismissal is therefore final and appealable under 28 U.S.C. § 1291.

■ B. Having found that the order dismissing Welch's complaint without prejudice is appealable, we must next determine whether Welch filed his notice of appeal on time. Federal Rule of Appellate Procedure 4(a)(1) provides that a notice of appeal in a civil proceeding must be filed "within 30 days after the date of entry of the judgment or order appealed from." *See also Smith v. Evans*, 853 F.2d 155, 157 (3d Cir.1988). This time limitation is both "'mandatory and jurisdictional'" and may not be waived. *Browder v. Director of Dep't of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978), quoting *United States v. Robinson*, 361 U.S. 220, 229, 80 S.Ct. 282, 288, 4 L.Ed.2d 259 (1960). It may, however, be tolled if "a timely motion" to alter or amend the judgment under Fed.R.Civ.P. 59(e) is "filed in the district court." Fed.R.App.P. 4(a)(4). "[T]his court has held for purposes of Rule 4(a), [that] a motion for reconsideration qualifies as a motion under Rule 59(e) to alter or amend a judgment." *First Jersey Nat'l Bank v. Dome Petroleum Ltd.*, 723 F.2d 335, 337 (3d Cir.1983), citing *Richerson v. Jones*, 572 F.2d 89, 93 (3d Cir.1978).

As noted, a Rule 59(e) motion does not toll the time for appeal, unless it is "timely filed." Fed.R.App.P. 4(a)(4). Rule 59(e), however, does not specify when such a motion must be "filed" but instead provides that the motion must "be served not later than 10 days after the entry of the judgment." Fed.R.Civ.P. 59(e). *See Sonnenblick–Goldman Corp. v. Nowalk*, 420 F.2d 858, 859 (3d Cir.1970) (Rule 59(e) "motion must have been *served* within the time required") (emphasis added). This ten-day time period, like the 30–day time limit for filing the notice of appeal, "is jurisdictional, and 'cannot be extended in the discretion of the district court.'" *de la Fuente v. Central Elec. Coop., Inc.*, 703 F.2d 63 (3d Cir.1983), quoting *Gribble v. Harris*, 625 F.2d 1173, 1174 (5th Cir.1980). Although Fed.R.Civ.P. 59(e) does not specify a time limit for filing, Fed.R.Civ.P. 5(d) provides that filing must occur either prior to service or "within a reasonable time thereafter."

Applying these technical rules to the present case, we conclude that Welch's notice of appeal was timely. The order of dismissal was entered on February 5, 1990. On February 20, 1990, Welch's motion for reconsideration was filed with the district court. When the intervening weekends and Washington's Birthday holiday are excluded, as prescribed by Fed.R.Civ.P. 6(a), this motion was filed within ten days after the entry of the order of dismissal. As noted, however, Fed.R.Civ.P. 59(e) requires service, not filing, within ten days after entry of the judgment. Because Welch did not "serve" his motion for reconsideration upon Folsom within ten days (or indeed at any time), it might appear that Welch's motion for reconsideration was never effectively filed and thus did not toll the time for filing a notice of appeal. Upon closer examination, however, we conclude that this result is not prescribed by the relevant rules.

Fed.R.Civ.P. 59(e), which requires service of a motion to alter or amend within ten days after entry of the judgment, must be read in conjunction with Fed.R.Civ.P. 5, which specifies detailed requirements regarding service. Fed.R.Civ.P. 5(a) states that "every written motion other than one which may be heard *ex parte*" must be served upon "each of the parties." Implicit in this rule is the precept that a motion need not be served if it may be heard *ex parte.*

Under this precept, no service was required in this case. Since the district court dismissed Welch's complaint without Folsom's presence, it is difficult to see why the court could not reconsider that dismissal using a like procedure. Moreover, if we hold that service was needed, we would have to conclude either (1) that Welch could serve Folsom in the manner prescribed by Fed.R.Civ.P. 5(b) even though Folsom had not been previously served and even though Rule 5 "presupposes that the court has already gained jurisdiction over the parties" (2 J. Moore, *Federal Practice* § 5.04 at 5–13 (1989)), or (2) that Welch was required to effect personal service in compliance with Fed.R.Civ.P. 4 in order to obtain reconsideration of the dismissal of his complaint for failure to effect personal service in compliance with Rule 4. Neither of these interpretations is tenable. Therefore, we hold that when the complaint of a plaintiff proceeding *in forma pauperis* is dismissed before service of process (a frequent occurrence under 28 U.S.C. § 1915(d)), a motion under Fed.R.Civ.P. 59(e) tolls the time for appeal if it is filed with the district court within ten days after entry of the judgment. Service upon parties named in the complaint but not yet served with the summons and complaint is not required. Under this construction, Welch's motion for reconsideration tolled the time for appeal, and his notice of appeal was therefore timely.[1]

C. By comparison with the jurisdictional issues, the merits of this appeal are simple. An *in forma pauperis* complaint may be dismissed prior to service if "the allegation of poverty is untrue" or "the

---

1. Because of our holding, we need not reach Welch's assertions of "good cause" and "excusable neglect."

action is frivolous or malicious." 28 U.S.C. § 1915(d); *Roman v. Jeffes*, 904 F.2d 192, 195 (3d Cir.1990) ("the appropriate time to make a decision to dismiss a case pursuant to § 1915(d) is before service of a complaint."). *See also Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831–34, 104 L.Ed.2d 338 (1989) (defining the term "frivolous" as it applies to § 1915(d) complaints and comparing § 1915(d) "frivolousness" with dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6)); *Oatess v. Sobolevitch*, 914 F.2d 428, 430–31 (3d Cir. 1990) (applying *Neitzke's* holding). Here, however, the district court did not dismiss on any of these grounds. Consequently, the court was compelled to proceed in compliance with 28 U.S.C. § 1915(c), which unequivocally states: "[t]he officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases." *See also* Fed.R.Civ.P. 4(c)(2)(B)(i). Therefore, the court erred by dismissing the complaint on the ground that Welch failed to effect service. *See Puett v. Blandford*, 895 F.2d 630, 635 (9th Cir.1990) ("an incarcerated pro se plaintiff proceeding in forma pauperis ... should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the[ir respective] duties"); *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir.1987) ("a plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant."); *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2nd Cir.1986) ("the interests of justice, informed by a liberal interpretation of Rule 4, are best served by allowing this litigant to rely on the personal service, albeit untimely, ultimately effected by the Marshal's Service.").

Accordingly, we will vacate the order of dismissal and remand the matter to the district court.