

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2008

# Caterbone v. Lancaster Cty Prison

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4474

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Caterbone v. Lancaster Cty Prison" (2008). *2008 Decisions.* Paper 463.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/463

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4474
_____

STANLEY J. CATERBONE,

Appellant

v.

LANCASTER COUNTY PRISON; MANHEIM TOWNSHIP POLICE DEPARTMENT;
STONE HARBOR POLICE DEPARTMENT; AVALON POLICE DEPARTMENT;
COMMONWEALTH NATIONAL BANK, i.e. Mellon Bank; SOUTH REGIONAL
POLICE DEPT.; LANCASTER COUNTY SHERIFFS DEPT.; FULTON BANK


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 05-cv-2288)
District Judge:  Honorable Mary A. McLaughlin

_____


_____

No. 07-4475
_____

STANLEY J. CATERBONE; ADVANCED MEDIA GROUP,


v.


MR. RANDALL O. WENGER, of the Lancaster County Prothonetary;
MATTHEW BOMBERGER, Office of the Public Defender of

Lancaster County; JUDGE MICHAEL GEORGELIS, Lancaster County; LEO
J. ECKERT JR., Lancaster County District Magistrate; KELLY S.
BALLENTINE, Lancaster County District Magistrate; MAYNARD
HAMILTON, JR., Lancaster County District Magistrate; DENISE COMMINS,
Lancaster County District Magistrate Judge; RICHARD H. SIMMS,
Lancaster County District Magistrate; STEVEN MYLIN, Lancaster County
District Magistrate; WILLIAM G. REUTER, Lancaster County
District Magistrate; MICHAEL SMITH, Dalphin County District Magistrate;
OFFICER RONALD BEZZARD, of the East Lampeter Police Department;
OFFICER THOMAS GJURICH, of the Lancaster City Bureau of Police;
OFFICER ADAM CRAMER, of the Southern Regional Police Dept.;
CHIEF JOHN FIORILL; OFFICER ROBERT BUSER, of the Southern Regional Police
Department; OFFICER ROBERT M. FEDOR, of the Southern Regional Police
Department; ROBERT BOURNE, of the Southern Regional Police Department;
JOLYNN STEINMAN, Postmaster, Conestoga Post Office; NELSON BREWSTER,
Investigator, of the PA Attorney General Office; OFFICER MICHAEL K.
SCHAEFER; LUIS FURINA; DONALD TOTARO, Lancaster County
District Attorney; DETECTIVE MICHAEL L. LANDIS, Lancaster County

Stanley J. Caterbone,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 06-cv-04650)
District Judge:  Honorable Mary A. McLaughlin

_____

Submitted Under Third Circuit LAR 34.1(a)
September 26, 2008
Before: SLOVITER, BARRY and NYGAARD, Circuit Judges

(Filed:  September 30, 2008 )

_____

OPINION

_____

-2-

PER CURIAM

Stanley J. Caterbone appeals from the dismissals of two civil cases for his failure to comply with the District Court's orders. For the reasons that follow, we will vacate and remand to the District Court for further consideration.

I.

In May 2005, Caterbone sued Lancaster County prison and others asserting that his constitutional rights, shareholder rights, civil liberties and "right of due access to the law" were violated (E.D. Pa. Civ. No. 05-cv-02288). Several of the Defendants moved to dismiss the complaint and on June 13, 2006, the District Court granted the motions to dismiss and also dismissed the complaint as to the non-moving Defendants because they were never properly served. The following day, Caterbone filed a document which the District Court construed as a request for leave to file an amended complaint. The District Court granted the request and subsequently set a deadline of August 20, 2006, for filing an amended complaint. The District Court indicated that it would dismiss the case with prejudice if Caterbone failed to file an amended complaint by the deadline.

After granting three continuances, the District Court set an October 15, 2007 deadline, again warning Caterbone that failure to comply would result in dismissal with prejudice. The District Court also stated that it would not grant any additional extensions of time. On October 15, 2007, Caterbone filed a rambling, sixty-three page "Amendment to Complaint and Motion for Continuance," asserting thirty-eight causes of action against

several dozen defendants and requesting an additional sixty days to file another amended complaint. On October 23, 2007, the District Court issued an order denying the request and dismissing the case with prejudice. The District Court explained in its order that the incomplete complaint submitted by Caterbone did not constitute a valid amended complaint, and that he had failed to file a valid amended complaint in the sixteen months since he was granted leave to do so. Caterbone filed a notice of appeal, and the appeal was docketed at C.A. No. 07-4474.

Caterbone commenced a second action on October 18, 2006, by filing a complaint asserting federal civil rights and RICO claims against twenty-five defendants (E.D. Pa. Civ. No. 06-cv-04650). Caterbone requested and was granted leave to proceed in forma pauperis. On November 17, 2006, the District Court issued an order directing Caterbone to file an amended complaint containing a more definite statement of his claims or face dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The District Court also granted Caterbone's motion for continuance, placing the case in civil suspense until April 19, 2007. After granting two additional continuances, the District Court directed him to file a status report on or before August 31, 2007. On September 12, 2007, in response to Caterbone's status report requesting an additional continuance, the District Court issued an order denying the request and directing him to serve his amended complaint on the defendants on or before October 15, 2007, noting that the case had been pending for nearly a year and that he had not yet served any of the defendants. On October 15, 2007,

-4-

he filed the same sixty-three page document that he filed in E.D. Pa. No. 05-2288, which included an identical request for an additional sixty days to file an amended complaint. On October 23, 2007, the District Court entered an order dismissing the case because he had failed to serve his complaint as directed in the previous order. Caterbone's appeal in this case was docketed at C.A. No. 07-4475. The two appeals have been consolidated for disposition.

## II.

Before we discuss the merits of the case we must first determine whether we have jurisdiction over the appeals. Appellees Fulton Bank and Manheim Township Police Department have filed motions to dismiss for lack of jurisdiction, arguing that Caterbone's notice of appeal in C.A. 07-4474 was untimely filed. Caterbone has filed responses asserting that the notice of appeal was timely in both cases.

In a civil case such as this one, a notice of appeal must be filed within 30 days of the entry of the District Court's judgment or order. See Fed. R. App. P. 4(a)(1)(A). The time limits prescribed for filing a notice of appeal in a civil case are "mandatory and jurisdictional." Bowles v. Russell, 127 S. Ct. 2360, 2363 (2007). Both of Caterbone's cases were dismissed on October 23, 2007, and he filed notices of appeal on November 23, 2007, or 31 days after the October 23 orders. November 22, however, was the Thanksgiving holiday; therefore, Caterbone had until the following day to comply with the thirty-day deadline for filing a notice of appeal. See Fed. R. App. P. 26(a)(1)-(4).

Thus, the notices of appeal were timely filed. Accordingly, we deny Appellees' motions to dismiss the appeals for lack of jurisdiction.

III.

We have jurisdiction under 28 U.S.C. § 1291, and we review the District Court's dismissals for abuse of discretion. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action sua sponte if a litigant fails to comply with a court order or to prosecute his case. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). Before dismissing an action, however, a district court should determine the propriety of punitive dismissals in light of the factors outlined in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863 (3d Cir. 1984). The factors are: 1) the extent of the party's personal responsibility; 2) the prejudice to the opponent; 3) any history of dilatoriness; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) whether effective alternative sanctions are available; and 6) the meritoriousness of the claim or defense. Id. at 868. Only in the rarest of circumstances, those demonstrating the most contumacious of conduct, may a district court dispense with the Poulis factors altogether. See Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994). We have repeatedly emphasized that the "drastic sanction" of dismissal is disfavored except in the most egregious circumstances. See United States v.

$8,221,877.16 in U.S. Currency, 330 F.3d 141, 161 (3d Cir. 2003).

The District Court erred by dismissing Caterbone's suits without analyzing the Poulis factors. While it is true, as Appellees argue, that Caterbone delayed filing his amended complaints for several months, such behavior cannot be characterized as "flagrant bad faith." See Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994) (internal quotation marks and citation omitted). After all, the District Court granted, and Caterbone relied on, continuances. Nor is this an instance where Caterbone abandoned the case (Spain) or where his behavior was so egregious as to amount to an abandonment of the case (Guyer). To the contrary, it appears that Caterbone made a good-faith effort to file an amended complaint. See Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 343 (3d Cir. 1982) (behavior not contumacious where effort made to comply with court order). We do not find that Caterbone's conduct was so contumacious that the District Court could proceed under Fed. R. Civ. P. 41(b) without analyzing the Poulis factors at all.

The District Court also improperly dismissed Caterbone's suit in 06-cv-04650 by citing Caterbone's failure to serve process. As a litigant proceeding in forma pauperis, Caterbone was not responsible for the service of process. See 28 U.S.C. § 1915(d) ("the officers of the court shall issue and serve all process . . ."); see also Welch v. Folsom, 925 F.2d 666, 670 (3d Cir. 1991) (district court erred by dismissing complaint on the ground that a plaintiff proceeding in forma pauperis failed to serve the defendant). Once

Caterbone filed his amended complaint, the District Court was obligated to appoint a United States marshal to effect service. Fed. R. Civ. P. 4(c)(3). In any event, it may be that the dismissal in 06-cv-04650 was prompted by the same concerns motivating the court in 05-cv-02288.

For these reasons, we will vacate the District Court's orders dismissing Caterbone's complaints and remand the cases for further proceedings. We emphasize that we are not holding that the Poulis factors dictate something less than dismissal in this case; we hold only that the District Court must, at this stage, perform a Poulis analysis to guide its exercise of discretion. Given that Caterbone filed identical amended complaints in both cases, the District Court may wish to consider whether the cases should be consolidated on remand.