**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2889
_____

THOMAS I. GAGE,
                                        Appellant
v.

STATE OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 10-cv-02603)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 24, 2010
Before:  SLOVITER, FISHER and WEIS, Circuit Judges

(Opinion filed: November 26, 2010 )

_____

OPINION
_____

PER CURIAM.

        The District Court sua sponte dismissed Thomas I. Gage's complaint as

deficient under Rule 8(a)(2) of the Federal Rules of Civil Procedure.  Concluding that the

District Court's dismissal was not an abuse of its discretion, we will affirm the judgment

of the District Court.

**I.**

On May 20, 2010, Gage paid the $350 filing fee to initiate this civil action against the State of New Jersey in federal court. Gage's complaint contained generalized allegations of corruption and treason against various local and state government officials. In addition, Gage alleged that his real property was slated to be sold at a sheriff's auction, in violation of his federal due process rights. He thus requested, inter alia, that the District Court "enforce a void on all of Judge Fred H. Kumpf's unlawful court orders against me, our property and my business company, Infinity Builders, Inc," and that "all the state authorities who have warred [sic] against the United States Constitution in this case . . . be punish[ed] by a sentence of incarceration." Gage attached to his complaint the sheriff's sale notice, indicating that Wells Fargo (the mortgagee) was going to effectuate the sale of Gage's property on June 8, 2010.[1]

On June 11, 2010, the District Court sua sponte dismissed Gage's complaint without prejudice, concluding that it did not comply with the pleading requirement of Rule 8(a)(2). Specifically, the District Court stated that the complaint's allegations "are the typical 'unadorned, the defendant[s]-unlawfully-harmed-me accusations[s]' not permitted under the federal pleading standards," (Dist. Ct. order at 2) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)), and that "in light of Plaintiff's allegations, it appears that Defendant State of New Jersey is not the proper defendant." Id. Gage

---

[1] According to Gage, the sale did not take place until July 6, 2010, and he was given until July 16, 2010, to lodge formal objections.

appealed and sought a temporary restraining order to block the sheriff's sale of his real property.[2]

## II.

We must first consider our jurisdiction to hear this appeal.  The District Court dismissed Gage's complaint without prejudice, and the general rule is that "an order which dismisses a complaint without prejudice is neither final nor appealable." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam).  However, "[i]f the plaintiff cannot cure the defect that led to dismissal or elects to stand on the dismissed complaint . . . we have held that the order of dismissal [without prejudice] is final and appealable." Welch v. Folsom, 925 F.2d 666, 668 (3d Cir. 1991); see also Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).  Since Gage has elected to stand on his complaint, see Frederico v. Home Depot, 507 F.3d 188, 192-93 (3d Cir. 2007), we exercise jurisdiction under 28 U.S.C. § 1291.

## III.

Because the District Court dismissed Gage's complaint as insufficiently pled under Rule 8, our review is for abuse of discretion. See In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996).  That standard is highly deferential; an abuse of discretion will be found when a District Court's decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact."

---

[2] We denied Gage's request for a temporary restraining order, as well as his subsequent request for reconsideration.

<u>Hagan v. Rogers</u>, 570 F.3d 146, 152 (3d Cir. 2009) (citation omitted). We find no such errors in this case.

"Under Rule 8(a)(2), a complaint need present only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>In re Ins. Brokerage Antitrust Litig.</u>, --- F.3d ---, 2010 WL 3211147, at *6 (3d Cir. Aug. 16, 2010, Nos. 07-4046, 08-1455, 08-1777) (citations and quotations omitted). "That is to say, there must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation." <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 234-35 (3d Cir. 2008); <u>see also</u> <u>Swanson v. Citibank, N.A.</u>, 614 F.3d 400, 404 (7th Cir. 2010) ("For cases governed only by Rule 8, it is not necessary to stack up inferences side by side and allow the case to go forward only if the plaintiff's inferences seem more compelling that the opposing inferences.").

Gage's claims are rooted in a real property dispute in Warren County, New Jersey. (Pet. Br. at 15) ("The true matter of the fact [sic] is that for the last 12 years I have been trying to resolve some issues about my property, Block 86.01, Lot 18.").[3] While much of the complaint can be fairly characterized as a meandering diatribe, it does

---

[3] In a prior suit, the District Court summarized Gage's claims as follows: "Gage alleges . . that he has been the 'victim of property discrimination,' arising from his ill-fated attempts to subdivide his residential property in an effort to make the property more marketable." <u>Gage v. Twp. of Warren</u>, DC Civ. No. 09-519, p. 1 (D.N.J. June 10, 2009).

include an allegation by Gage that "[t]he Superior Court of Somerset court House in State of New Jersey, have order the Sheriff of Somerset County to <u>deprive</u> us of our property, by a pending sale without <u>due process of law</u> . . ." (errors and emphasis in original). And, as noted above, Gage appended the sheriff's sale notice to his complaint.

The critical inquiry on appeal is, then, whether Gage's complaint should have been deemed compliant with Rule 8(a)(2), to the extent it could be construed as attempting to raise a procedural due process claim concerning the alleged deprivation of a protected property interest. <u>See</u> <u>Burns v. Pa. Dep't of Corr.</u>, 544 F.3d 279, 285 (3d Cir. 2008) ("To prevail on a procedural due process claim, a litigant must show (1) that the state deprived him of a protected interest in life, liberty, or property and (2) that the deprivation occurred without due process of law."). We answer in the negative, and conclude that the District Court did not abuse its discretion when it sua sponte dismissed the complaint. Even construed liberally, <u>see</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam), there is too little factual matter in Gage's complaint "to justify moving the case beyond the pleadings to the next stage of litigation." <u>Phillips</u>, 515 F.3d at 234-35. Moreover, the factual matter that is present "is so undeveloped that it does not provide [the] defendant the type of notice of claim which is contemplated by Rule 8." <u>Id.</u> at 232.

Accordingly, we will affirm the judgment of the District Court. We do not consider Gage's motion for appointment of counsel, as he did not file a motion to proceed in forma pauperis in connection with that motion and there is no statutory basis for

4

entertaining his motion other than 28 U.S.C. § 1915(e)(1).  Gage's motion for

"emergency stay" is denied.