DLD-112                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2985
_____

MOHAMMAD SOHAIL SALEEM,
Appellant

v.

COI DOE; COII DOE; COIII DOE;
RECEPTION STAFF CORRECTIONS OFFICERS;
SUPERINTENDENT CAMP HILL SCI

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-19-cv-01071)
District Judge:  Honorable Robert D. Mariani

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 4, 2021
Before:  JORDAN, KRAUSE, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 17, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Mohammad Sohail Saleem appeals from the order of the United States District Court for the Middle District of Pennsylvania dismissing his civil rights complaint. For the following reasons, we will summarily affirm.

Saleem is a state prisoner housed at the State Correctional Institution at Camp Hill, Pennsylvania ("SCI-Camp Hill"). In his complaint, Saleem alleged that on June 28, 2018, he was leaving for an authorized temporary absence and was required to participate in a group strip search with two other inmates. He asked an unnamed correctional officer for an individual search, informing him that a group strip search was against his religion. Despite Saleem's objection, other unnamed staff members and superior officers allowed the strip search to occur.

In June 2019, Saleem filed his complaint under 42 U.S.C. § 1983 and sought damages relief. He alleged Eighth Amendment violations and state law claims against several unnamed correctional officers and unnamed staff members. Saleem also named as a defendant Harry Laurel, Superintendent of SCI-Camp Hill, in his official capacity. Saleem asserted that Laurel is liable based on the doctrine of respondeat superior. The District Court granted Saleem's motion to proceed in forma pauperis and directed the Clerk to effect service of the complaint. The District Court's order notified Saleem that if service was unable to be completed due to the failure to properly name defendants or provide an accurate address, Saleem would be required to correct the deficiency, and that failure to comply may result in dismissal under Federal Rule of Civil Procedure 4(m).

constitute binding precedent.

Defendant Laurel filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Saleem filed a brief in opposition to the motion. On April 10, 2020, the District Court issued an order for Saleem to show cause within 14 days why the case should not be dismissed under Rule 4(m), noting that the unidentified defendants had not been identified or served within 90 days after the filing of the complaint. Upon Saleem's motion to extend the time to show cause, on April 29, 2020, the District Court granted an extension until June 29, 2020. By memorandum and separate order entered on August 25, 2020, the District Court granted defendant Laurel's motion to dismiss and dismissed the complaint against him. The District Court also dismissed the complaint against the unnamed defendants without prejudice under Rule 4(m).

Saleem appeals. We have jurisdiction under 28 U.S.C. § 1291.[1] Because Saleem has been granted in forma pauperis status under 28 U.S.C. § 1915, we review this appeal for possible dismissal under § 1915(e)(2)(B). We may summarily affirm under Third Circuit L.A.R. 27.4 and I.O.P. 10.6 if no substantial question is presented on appeal.

We exercise plenary review over the grant of a motion to dismiss under Rule 12(b)(6). See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018).

---

[1] In dismissing an action for lack of proper service, the District Court "must dismiss the action without prejudice." Fed. R. Civ. P. 4(m). "Without prejudice" dismissals typically are not immediately appealable, see Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam), but an order of dismissal without prejudice for failure to effect service of process is appealable under § 1291 where the complaint was filed by a plaintiff granted leave to proceed in forma pauperis, see Welch v. Folsom, 925 F.2d 666,

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). We review the dismissal pursuant to Rule 4(m) for abuse of discretion. See Boley v. Kaymark, 123 F.3d 756, 757-58 (3d Cir. 1997) (reviewing the denial of a Rule 4(m) motion to extend time to serve).

We agree with the District Court's dismissal of Saleem's complaint against defendant Laurel and its determination that amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Eleventh Amendment bars claims for damages against the Commonwealth of Pennsylvania and individual state officials in their official capacities. See Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990). Pennsylvania retains Eleventh Amendment sovereign immunity from suit in federal court. See 42 Pa. Cons. Stat. Ann. § 8521(b).

Even if Laurel were not already immune from suit, we also agree with the District Court's assessment that Saleem's complaint was insufficient to state a civil rights action against defendant Laurel. "To state a § 1983 claim, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). Saleem did not allege that Laurel was personally involved in an

668 (3d Cir. 1991).

unlawful deprivation of his rights.  See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (explaining that a civil rights complaint must allege facts identifying the "conduct, time, place, and persons responsible").  Saleem cannot rely solely on respondeat superior as a theory of liability.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Moreover, Laurel, as a state official sued in his official capacity, is not a "person" capable of being sued for civil rights violations under § 1983.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that while state officials literally are persons, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983").

As for the unnamed defendants, after Saleem filed his complaint in June 2019, he did not identify or serve those defendants within Rule 4(m)'s 90-day period.  Thus, the District Court was required by Rule 4(m) to dismiss the action against those defendants without prejudice or extend the time for service upon a showing of good cause.  As noted above, the District Court issued a Rule 4(m) show cause order, then granted Saleem's motion to extend the time to show cause.  That extension allowed Saleem an additional two months to comply, but Saleem did not respond.  After almost another two months later, with still no response from Saleem regarding the Rule 4(m) order, the District Court found that Saleem failed to establish good cause.  On this record, we conclude that the District Court did not abuse its discretion in dismissing the unnamed defendants under Rule 4(m).

For the foregoing reasons, we will summarily affirm the District Court's order dismissing Saleem's complaint.