**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3385
_____

BOUAZZA OUAZIZ,
Appellant

v.

CITY OF JERSEY CITY, individually and official capacity; TAWANA MODDY, individually and her capacity as Chief of Jersey City Police Department; DETECTIVE ROBERT PEREZ; TAVARAS, Detective; POLICE OFFICER MICHAEL O'CONNELL, Individually and their official capacity as Jersey City Police Officers and detectives; MICHAEL COLOMBAS; SISTER POLICE SUPERVISOR (JANE DOES) individually and their official capacity; ALL POLICE OFFICER I-DOES; individually and their official capacity; ALL DETECTIVE DOES I-X IN JERSEY CITY POLICE DEPARTMENT Individually and their official capacity; CHRIST HOSPITAL, private entity and its workers; ; I-X DOCTORS, NURSES individually and their capacities; CITYMD JERSEY CITY; SAYED ROHANI, M.D.; ALL WORKERS DOCTORS AND NURSES IN CITYMD Jersey City; 786 REALTY LLC, private entity and its workers; ORLANDO PEGAN; JERSEY CITY AND ALL WORKER I-X; JUDGE MAUREEN B. MANTINEO; JUDGE ANDREA SULLIVAN; GOLDSTEIN LAW GROUP LLC; HILARY BREWER, individually and capacity; ARTUSA LAW FIRM PC, Private entity; ATTORNEY ARTUSA, individually and capacity; JEF HENNINGER, Esq.; CIRO A. SPINA, Attorney, individually and capacity; ATTORNEY THOMAS VIGNEAULT, individually and capacity; TOWNSEND TOMAIO & NEWMARK LLC; ATTORNEY KEVIN KU; MICKLIN LAW GROUP LLC, private entity; ATTORNEY BRAD MICKLIN; BRADLY & COREALE LLP; ATTORNEY ROBERT COREALE; PAUL J. SICA, Esq.; NOURA ELGHAZOINI, individually and her capacity; SOUMIA EL GHAZOIANI; ROBERT RODRIGUEZ, individually and his capacity; STUHL MILLER, Ph. D.; ADA QOMPAY; LUZ FRIAZ; SAMANTHA GALLOWAY; I-X LABCORP WORKERS individually and their capacity LABORATORY CORPORATION OF AMERICA HOLDING; LABORATORY CORPORATION OF AMERICA, Branch in Brooklyn, individually and their capacity, DBA LabCorp; DUNNE DUNNE & COHEN LLC; ATTORNEY LEONARD COHEN; LAW OFFICE OF PASQUALE MARGO; ATTORNEY MARGO PASQUALE, individually and their personal capacity; NEW JERSEY INVESTIGATION LLC; AGENT PAUL; SAMIR PORTA; SAMIR GOOS; WILLIAM OLSZEWSKI; SERGEANT DARREN

SORRENTINO; DOES I-X Individually and their official capacity; CITYMD HOSPITAL, private entity and its workers; PROSECUTOR ASSISTANT JANE WEINER, Individually and official capacity; LAW OFFICE OF JEF HENNINGER; THOMAS VIGNEAULT LAW FIRM; PAUL J. SICA LAW FIRM; ALI HILALI, Individually and his capacity; PASQUALE MARAGO, Individually and their personal capacity; PAUL PORTA; DOCTOR ROHINI

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:22-cv-04546)
District Judge: Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 5, 2023
Before: HARDIMAN, PORTER, and FREEMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed October 24, 2023)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Bouazza Ouaziz appeals from the District Court's dismissal of his amended complaint. For the reasons provided below, we will affirm the District Court's judgment.

I.

Because we write primarily for the benefit of the parties, we recite only the important facts and procedural history. In July 2022, Bouazza Ouaziz initiated a civil

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

rights complaint in the District of New Jersey, alleging various violations of federal and state laws against dozens of defendants. Ouaziz thereafter amended his complaint. Dkt No. 4. While Ouaziz's amended complaint is convoluted and difficult to understand, his numerous claims appear to arise primarily from his relationship with, and subsequent divorce from, his wife Noura Elghazani. His complaint asserted facts related to familial disputes, domestic violence incidents, immigration, fraud, sexual assault, assault, constitutional violations, and medical services. As a result of these issues, Ouaziz asserted the following claims: sexual assault under color of law, intentional infliction of emotional stress, negligent infliction of emotional stress, conspiracy, fraud and tampering with evidence, negligence, pain, loss of enjoyment of life, premeditated attempt to kill, robbery, extortion, endangering an injured person, aggravated sexual assault, battery, unfair business practices, obstruction of justice, slander, violations of 42 U.S.C. § 1983, violations of 42 U.S.C. § 1985, violations of 42 U.S.C. § 1986, and violations of 42 U.S.C. § 1988. See generally id.

Several groups of defendants answered the amended complaint, several filed motions to dismiss, some filed motions for judgment on the pleadings, and many were never served or identified. See, e.g., Dkt Nos. 9, 10, 11, 13, 19, 20, 53, 58, 60. On December 2, 2022, the District Court entered an order dismissing Ouaziz's amended complaint. Specifically, the District Court (1) dismissed with prejudice pursuant to Rule 12(b) of the Federal Rules of Civil Procedure the claims against Judges Maureen Mantineo and Sullivan and Assistant Prosecutor Jane Weiner for acts made in their

3

judicial and prosecutorial capacities on the basis of judicial and prosecutorial immunity, (2) granted judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure in favor of defendants Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital i/p/a Christ Hospital (Christ Hospital) and CityMD as to the claims arising from incidents that occurred in 2016 and 2019 because they were barred by the statute of limitations, and (3) dismissed without prejudice the remaining claims in the amended complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Dkt Nos. 61 & 62. The District Court's order provided Ouaziz thirty days to further amend his complaint solely as to the claims dismissed without prejudice. Rather than filing a Second Amended Complaint, Ouaziz filed a notice of appeal and seeks review of the District Court's December 2, 2022 order. Dkt No. 65.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1] The District Court's dismissal for failure to comply with the requirements of Rule 8 is reviewed for

---

[1] We must first address our jurisdiction to hear this appeal. Although the District Court dismissed certain claims with prejudice and granted judgment on others, the remaining claims in Ouaziz's amended complaint were dismissed without prejudice, and the general rule is that "an order which dismisses a complaint without prejudice is neither final nor appealable." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). However, "[i]f the plaintiff cannot cure the defect that led to dismissal or elects to stand on the dismissed complaint . . . we have held that the order of dismissal [without prejudice] is final and appealable." Welch v. Folsom, 925 F.2d 666, 668 (3d Cir. 1991); see also Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Since Ouaziz has elected to stand on his amended complaint, see Appellant's Pro Se Supplemental Brief, 3d Cir. ECF No. 33, at 12, 19–21, we exercise jurisdiction under 28 U.S.C. § 1291. See Remick v. Manfredy, 238 F.3d 248, 254 (3d Cir. 2001).

abuse of discretion.  See Garrett v. Wexford Health, 938 F.3d 69, 91 (3d Cir. 2019).  We exercise plenary review over the District Court's order as to its dismissal of certain claims with prejudice pursuant to Rule 12(b) and as to its grant of judgment on the pleadings pursuant to Rule 12(c) in favor of Christ Hospital and CityMD.  *Wolfington v. Reconstructive Orthopaedic Assoc. II PC*, 935 F.3d 187, 196 (3d Cir. 2019) (judgment on the pleadings); *In re: Kaiser Group Int'l Inc.*, 399 F.3d 558, 560 (Rule 12(b)(1) and (6) dismissals).

### III.

As to the District Court's Rule 12(b) dismissals with prejudice and its Rule 12(c) judgment on the pleadings, we perceive no error.  The District Court correctly observed the longest applicable statute of limitations period to his claims was two years and Ouaziz did not allege a basis for equitable tolling or a later accrual date, so his claims based on incidents in 2019 and prior are time-barred.  *See, e.g.*, 42 U.S.C. § 1986 (one year); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (two years for claim under 42 U.S.C. §§ 1983 and 1985 arising in New Jersey); N.J.S.A. 2A:14-2.  Judges Mantineo and Sullivan are entitled to judicial immunity for Ouaziz's claims based on alleged acts taken in their judicial capacities and Weiner is entitled to prosecutorial immunity for the claims based on alleged acts taken by her in her prosecutorial capacity.  *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (per curiam) (judicial immunity); *see Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (prosecutorial immunity).

5

IV.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each averment must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together," Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). A complaint must contain sufficient clarity "'to avoid requiring a district court or opposing party to forever sift through its pages in search' of the nature of the plaintiff's claim[.]" Glover v. FDIC, 698 F.3d 139, 147 (3d Cir. 2012) (quoting Jennings v. Emry, 910 F.2d 1434, 1436 (7th Cir. 1990)). "[A] district court acts within its discretion when it dismisses an excessively prolix and overlong complaint, particularly where a plaintiff declines an express invitation to better tailor her pleadings." Garrett, 938 F.3d at 93. While a court should liberally construe the pleadings of a pro se plaintiff, the complaint must still comply with the pleading requirements of Rule 8. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

After careful review of the record, we conclude that the District Court did not abuse its discretion in dismissing all remaining claims in Ouaziz's amended complaint under Rule 8, especially in light of Ouaziz's decision to decline the District Court's invitation to further amend and correct the pleading. See Garrett, 938 F.3d at 92–93 (stating that "the question before us is not whether we might have chosen a more lenient course than dismissal . . . but rather whether the District Court abused its discretion in

6

ordering the dismissal") (citation omitted).  Ouaziz's complaint was anything but "simple, concise, and direct."  See Fed. R. Civ. P. 8(d)(1).  Rather, it consisted of 108 pages and 620 separately numbered paragraphs that are "unnecessarily complicated and verbose."  Garrett, 938 F.3d at 93 (citing Westinghouse, 90 F.3d at 703).  We agree with the District Court's characterization of the complaint as one that "fails to provide a clear narrative of either the factual or legal basis for Plaintiff's claims."  Dkt No. 61, at 5.  For these reasons, the complaint failed to satisfy Rule 8's requirements; it lacked a "short and plain" statement of Ouaziz's claims against each defendant and was insufficient "to give the adverse part[ies] fair notice of the claim[s] asserted so as to enable [them] to answer and prepare for trial."  See Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Thus, the District Court did not abuse its discretion in dismissing the remaining claims pursuant to Rule 8.

Accordingly, we will affirm the District Court's order entered December 2, 2022, granting judgment on the pleadings in favor of Christ Hospital and CityMD, dismissing with prejudice the claims against Judges Mantineo and Sullivan for acts taken in their judicial capacities and the claims against Weiner for acts taken in her prosecutorial capacity, and dismissing the remainder of the claims in the amended complaint for failure to comply with Rule 8.  The motions for leave to file supplemental appendices are granted.