**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 23-1272, 23-1362, & 23-1861
_____

SHEILA MARIE EYAJAN,
                                                        Appellant

v.

NESCO RESOURCES, LLC; ANGELA GARBISO; GROSS & GROSS LLC;
CHRISTOPHER J. SHAW, Attorney; EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION; MARIA COLON, Investigator
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:20-cv-00204)
District Judge:  Honorable Susan Paradise Baxter
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 20, 2023

Before: SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: December 21, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Sheila Eyajan appeals pro se from the District Court's orders entered in this civil action on September 30, 2022, January 18, 2023, and April 21, 2023, respectively. For the reasons that follow, we will affirm the September 30, 2022 and April 21, 2023 orders, modify the January 18, 2023 order, and affirm the January 18, 2023 order as modified.

I.

In 2020, Eyajan filed a pro se complaint in the District Court against Nesco Resource, LLC (her former employer; hereinafter "Nesco"), the United States Equal Employment Opportunity Commission ("EEOC"), Gross & Gross, LLC (a law firm that had represented Nesco; hereinafter "Gross"), and a few individuals. The complaint, which appeared to revolve around allegations that defamatory statements had been made against Eyajan in proceedings that had taken place before the EEOC and the Ohio state courts,[1] sought relief under 28 U.S.C. § 4101 (defining "defamation" and certain other terms for the purposes of statutes concerning foreign judgments, see 28 U.S.C. §§ 4102-4105), and several federal criminal statutes.[2]

Nesco, Gross, and one of the individual defendants (attorney Christopher Shaw) moved to dismiss the complaint. On September 30, 2022, the District Court granted

_____

[1] Eyajan had initiated those proceedings against Nesco, and they had not ended in Eyajan's favor.

[2] Eyajan is a frequent filer in the federal courts, and this is not the first federal action that she has brought against Nesco. She previously filed pro se federal actions against Nesco in 2018 and 2019, respectively. Neither of those actions was resolved in her favor.

those motions, concluding that personal jurisdiction was lacking as to Nesco and Gross, the interests of justice did not warrant transferring the case to another federal district court pursuant to 28 U.S.C. § 1631, the complaint failed to state a viable claim against Shaw under Federal Rule of Civil Procedure 12(b)(6), and amendment of the claims against Shaw would be futile. The District Court also (1) determined that Eyajan had failed to properly serve the remaining defendants, and (2) stated that, if she failed to properly serve them within 30 days, the claims against them would be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

On January 18, 2023, at which point it appears that Eyajan had still yet to properly serve the remaining defendants, the District Court dismissed those defendants pursuant to Rule 4(m) and directed the District Court Clerk to close the case. Thereafter, Eyajan timely filed notices of appeal challenging the September 30, 2022 and January 18, 2023 orders. Shortly thereafter, she filed a few post-judgment motions in the District Court, seeking a change of venue and claiming that she had never received the District Court's September 30, 2022 order.

On April 21, 2023, the District Court denied Eyajan's post-judgment motions, noting that she had "attached to her [first] Appeal a copy of [the September 30, 2022 order], which she claims to have 'never received.'" Dist. Ct. Order entered Apr. 21, 2023, at 2. Eyajan then timely filed a third notice of appeal, challenging this latest order.

The Clerk of this Court subsequently consolidated Eyajan's three appeals for all purposes, and they are now ripe for disposition.[3]

## II.

Eyajan's opening brief, as supplemented, is not a model of clarity. Liberally construing that filing, we conclude that she has preserved the following issues for appellate review: (1) a challenge to the part of the District Court's September 30, 2022 order that dismissed any state-law defamation claim against Shaw; (2) a challenge to the District Court's refusal, in its September 30, 2022 order, to transfer this case, and its April 21, 2023 denial of Eyajan's post-judgment motion for a change of venue; and (3) Eyajan's contention that she did not receive a copy of the District Court's September 30, 2022 order. We deem forfeited all other challenges to the three District Court orders at issue here. See United States v. Savage, 970 F.3d 217, 280 n.70 (3d Cir. 2020)

---

[3] All three appeals are properly before us. The District Court's January 18, 2023 order dismissing the remaining defendants pursuant to Rule 4(m) amounts to a dismissal without prejudice. See Fed. R. Civ. P. 4(m). Although without-prejudice dismissals are generally not final, appealable orders under 28 U.S.C. § 1291, see Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam), this general rule does not apply when, as here, the order in question dismisses, for failure to effect service, a complaint brought by a plaintiff who is proceeding in forma pauperis, see Welch v. Folsom, 925 F.2d 666, 668 (3d Cir. 1991). Since the District Court's January 18, 2023 order constitutes a final, appealable order under § 1291, see id., we also have jurisdiction to review Eyajan's challenge to the District Court's September 30, 2022 order, see Drinkwater v. Union Carbide Corp., 904 F.2d 853, 858 (3d Cir. 1990) (explaining that "the appeal from a final judgment draws in question all prior non-final orders and rulings" (citation to quoted case omitted)). And the District Court's April 21, 2023 order denying Eyajan's post-judgment motions is a final, appealable order, too. See Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986) (per curiam).

(indicating that an appellant forfeits an issue if he fails to raise it in his opening brief or makes only a passing reference to it in that brief).[4]

## III.

As noted above, Eyajan's complaint sought relief under § 4101 and several federal criminal statutes. In dismissing the complaint as to Shaw pursuant to Rule 12(b)(6), the District Court concluded that even if the complaint could reasonably be construed as raising a state-law defamation claim, that claim was untimely. For substantially the reasons provided in the District Court's opinion accompanying its September 30, 2022 order, we agree with that conclusion.

We next consider the transfer issue. As the District Court explained, "[w]hen a district court determines there is a 'want of jurisdiction,' the court 'shall, if it is in the interest of justice, transfer [the case] to any other such court in which the action . . . could have been brought at the time it was filed.'" Dist. Ct. Mem. Op. entered Sept. 30, 2022, at 5 [hereinafter Dist. Ct. Op.] (second alteration in original) (quoting Chavez v. Dole Food Co., 836 F.3d 205, 224 (3d Cir. 2016) (en banc)); see 28 U.S.C. § 1631. The District Court, after determining that personal jurisdiction was lacking as to Nesco and Gross, concluded that the interests of justice did not warrant a transfer in this case, noting that Eyajan "has not properly served multiple defendants and has not suggested an appropriate destination venue." Dist. Ct. Op. 8. We cannot say that this decision not to

---

[4] Even if Eyajan had not forfeited those challenges, they would not have warranted relief here.

transfer the case amounted to an abuse of discretion. See Danziger & De Llano, LLP v. Morgan Verkamp LLC, 948 F.3d 124, 129 (3d Cir. 2020) (reviewing decision not to transfer for abuse of discretion). And since Eyajan filed her motion to change venue after the District Court had already dismissed her case, we see no error in the District Court's April 21, 2023 decision denying that motion.

We last consider Eyajan's contention that she did not receive a copy of the District Court's September 30, 2022 order. Since she attached a copy of that order to her first notice of appeal (which she filed on February 1, 2023), we agree with the District Court that there is no merit to her contention that she *never* received a copy of that order. However, it does not necessarily follow that a copy of that order was sent to her in time for her to comply with that order's directive that she serve the remaining defendants within 30 days. Although the non-public version of the District Court's docket includes numerous internal docket entries indicating that various orders entered by the District Court in this case were mailed to Eyajan, none of those docket entries corresponds to the September 30, 2022 order. Accordingly, it is possible that she did not receive a copy of that order until after the District Court dismissed her case for failure to effect service on January 18, 2023. However, as explained below, even if we were to assume that this possibility indeed happened, a remand would not be warranted.

When, as in this case, a district court grants the plaintiff leave to proceed in forma pauperis, the district court has the authority to dismiss the case at "any time" in certain situations. See 28 U.S.C. § 1915(e)(2). One such situation is when the case "fails to state

a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). And that situation accurately describes this case. As the District Court explained in its September 30, 2022 order, (1) "[n]one of the statutes cited [in Eyajan's complaint] provide[s] a proper basis for civil claims," (2) even if the complaint "could reasonably [be] read" to assert state-law causes of action, none of them would state a viable claim, and (3) amendment of the complaint would be futile. Dist. Ct. Op. 8; see id. at 8-9. Although the District Court made these determinations in the context of reviewing Shaw's motion to dismiss, they would apply equally in the context of a § 1915(e)(2) review of Eyajan's allegations against the unserved defendants. Accordingly, because Eyajan's claims against the unserved defendants would have been subject to dismissal even if she had timely served those defendants, we see no reason to vacate the District Court's January 18, 2023 order dismissing those defendants. However, for the reasons set forth in the margin, we will modify the January 18, 2023 order to reflect that its dismissal is *with* prejudice.[5]

---

[5] As mentioned earlier, the District Court's January 18, 2023 order dismissing the unserved defendants pursuant to Rule 4(m) constitutes a dismissal without prejudice. See Fed. R. Civ. P. 4(m). But since we are upholding that order based on our conclusion that Eyajan's complaint fails to state a viable claim against the unserved defendants and amendment would have been futile, the dismissal of those defendants should be with prejudice. See, e.g., Fallon v. Mercy Catholic Med. Ctr. of Se. Pa., 877 F.3d 487, 489 (3d Cir. 2017) ("Because the District Court concluded that amendment would be futile, the dismissal was with prejudice."); see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam) (explaining that we may affirm a district court's decision on any basis supported by the record).

IV.

In view of the above, we will affirm the District Court's September 30, 2022 and April 21, 2023 orders, modify the District Court's January 18, 2023 order, and affirm the January 18, 2023 order as modified.