**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1511
_____

ENOMEN JOHN OKOGUN,
                                        Appellant

v.

LUKE MILLER; DAVID TRICOCHE; ALI ALI; SEAN RYDER; KEVIN CREEGAN;
MARTIN KRYWICKI; AL FLANDERS; KENNETH STROTHER, JR.; TRUSTEES
OF PRINCETON UNIVERSITY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-23-cv-02640)
District Judge:  Honorable Michael A. Shipp

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 18, 2024

Before:  KRAUSE, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: September 20, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Enomen Okogun appeals pro se from an order of the District Court dismissing his civil complaint. For the following reasons, we will vacate the District Court's judgment and remand for further proceedings.

Okogun filed his initial complaint seeking redress for various "malicious statements made and kept on the record" by defendants, associates of Princeton University. In an order entered August 22, 2023, the District Court granted Okogun's motion to proceed in forma pauperis (IFP), and sua sponte dismissed the complaint without prejudice, but with leave to amend within 30 days, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Okogun timely filed an amended complaint. In January 2024, the District Court issued a notice advising that, absent proof of service or a showing of good cause, the complaint would be dismissed within 14 days pursuant to Federal Rule of Civil Procedure 4(m), for failure to effect service. By order entered February 21, 2024, the District Court dismissed the complaint without prejudice, citing Rule 4(m). Okogun appealed.[1]

The District Court abused its discretion in dismissing the complaint under Rule 4(m). See Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996) (noting the standard of review). Pursuant to Rule 4(m), where proper service is not effected upon a defendant within 90 days of filing of the complaint, the District Court, "on motion or on

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. See Welch v. Folsom, 925 F.2d 666, 668 (3d Cir. 1991) (recognizing that a dismissal without prejudice for failure to serve is a final order for purposes of § 1291 when the plaintiff is proceeding IFP).

its own after notice to the plaintiff – must dismiss the action without prejudice as to that defendant or order that service be made within a specified time." However, when a plaintiff is authorized to proceed IFP under § 1915, a United States Marshal must be appointed to effect service. See Fed. R. Civ. P. 4(c)(3). Because Okogun had IFP status, and no federal marshal was appointed to effect service, dismissal for failure to serve was improper. See Welch v. Folsom, 925 F.2d 666, 669-70 (3d Cir. 1991).

Based on the foregoing, we will vacate the order of dismissal and remand the matter to the District Court.